FILED

2012 May-30  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TAURUS JAVIER BLACKBURN,** | ) | |
| | ) | |
| **Movant/Defendant,** | ) | |
| | ) | |
| **v.** | ) | **5:07-cr-00250-RDP-JEO** |
| | ) | **5:10-cv-08039-RDP-JEO** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

The cases referenced above are before the court on the motion of Defendant Taurus Javier Blackburn, to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255 and the amendment thereto. (Docs. 1 & 8).[1] Upon careful consideration, the court finds no need for an evidentiary hearing and that the motion is due to be denied.

## I.  BACKGROUND

### A.  Procedural History

On June 27, 2007, the Grand Jury issued a two-count indictment against Blackburn and his co-defendant, Jeremy Travon Malone, charging them in Count One with conspiracy to distribute and possess with intent to distribute in excess of fifty (50) grams of cocaine base and cocaine powder, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) and (c). (07-0250 Doc. 1). In a second count, Blackburn individually was charged with distributing cocaine base and cocaine powder on June 1, 2006, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and (c). (*Id.*) This court

---

[1]References herein to "Doc. ___" are to the document numbers assigned by the Clerk of the Court in the present civil case (*Taurus Javier Blackburn v. United States*, 5:10-cv-08039 -RDP-JEO). References herein to "07-250 Doc. ___" are to the document numbers assigned by the Clerk of the Court in Defendant's original criminal case (*United States v. Taurus Blackburn*, 5:07-cr-0250-RDP-JEO).

determined that Blackburn could not afford to retain an attorney and, therefore, appointed attorney William H. Broome to represent him on July 27, 2007. (07-250 Docket Entry dated July 27, 2007).

Mr. Broome filed several motions for disclosure of various documents and for disclosure of prior bad act evidence (FED. R. EVID. 404(b)) from the United States. (07-250 Docs. 12 & 41). Ultimately, Blackburn and the United States were unable to reach a plea agreement, and the case proceeded to trial on January 7, 2008. The jury convicted both defendants (Blackburn and Malone) as charged on January 15, 2008. (07-250 Docs. 48 & 49).

The United States Probation Office prepared a Presentence Investigation Report ("PSR") as to Blackburn. (07-250 Doc. 55 (Sealed)). On May 1, 2008, this court held a sentencing hearing. (*Id*. at Doc. 74). This court concluded the hearing by sentencing Blackburn to 120 months in prison followed by 60 months of supervised release. (*Id*. at Doc. 57, Judgment).

Mr. Broome timely filed a notice of appeal on Blackburn's behalf. (07-250, Doc. 61). He also filed a motion to withdraw as counsel. (*Id*. at Doc. 54). The motion to withdraw was granted, and new counsel, Mr. Jeff Dial, was appointed to represent Blackburn on appeal. In the Eleventh Circuit, Mr. Dial raised an insufficiency of the evidence claim and a claim that the trial court abused its discretion by giving the jury a modified *Allen*[2] charge. On April 11, 2008, the circuit court affirmed Blackburn's conviction and sentence in an unpublished opinion. (07-250 Doc. 93). Blackburn did not petition the United States Supreme Court for a writ of *certiorari*.

On August 9, 2010, Blackburn moved to vacate his conviction and sentence pursuant to Section 2255. (Doc. 1). He asserts that (1) Mr. Broome rendered ineffective assistance of counsel at trial by allegedly telling Blackburn that he could not plead guilty without a plea agreement, (2) the prosecution withheld pictures that would have contradicted the statements made by agents

_____

[2]*Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154 (1896).

concerning the search of a package,[3] and (3) the trial court committed error during voir dire because the court did nothing after a potential juror stated that her nephew was robbed and murdered so the assailant could purchase drugs. (*Id.*) The United States responded by filing a lengthy memorandum. (Doc. 7). Blackburn next filed an amended motion pursuant to § 2255, asserting that Mr. Broome was ineffective in that (1) he failed to timely and reasonably discover that the initial search of the package containing the drugs violated the Fourth Amendment, (2) he failed to challenge the prosecution's failure to prove that he possessed "the crack form of cocaine base" so as to warrant the imposition of the enhanced penalties for possessing and distributing "crack", and (3) he failed to inform Blackburn of the law and facts so as to allow him to make an informed choice whether to accept the plea offer. (Doc. 8 at 6). The United States filed a response to the amended petition, asserting that the claims are without merit. (Doc. 14 at 11).

## B.    Offense Conduct

The evidence adduced at trial establishes that in Huntsville, Alabama on June 27, 2006, defendant Malone mailed an overnight delivery package addressed to Blackburn in Los Angeles, California. Two days later, Postal Inspector Norbert Jaworowski observed Blackburn in Los Angeles mailing the same package back to Malone's mother in Alabama. Jaworowski observed that Blackburn was in an automobile with an Alabama tag that was registered to him and that he was nervous. Jaworowski removed the package from the postal stream and examined it. He determined the return address on the package was false and that the sender's listed telephone number was inoperative. Accordingly, he forwarded the package to Postal Inspector Stephen Matthews in Alabama for further inspection. Matthews presented the package to a trained canine that alerted to

---

[3]As part of this claim, Blackburn also asserts that the prosecution "stated that defendant was on a drug list and later stated that it wasn't the defendant." (Doc. 1 at 5). He also asserts that the prosecution told him that he could not plead guilty and that statements from a meeting (apparently a *Kastigar* proffer) were improperly introduced at trial. (*Id.*)

3

narcotics being in the package.  Matthews then obtained a search warrant for the package.  Upon opening the same, he found two inexpensive speakers containing approximately 82 grams of powder cocaine, 50 grams of cocaine base (crack), and 12 grams of marijuana.

Despite the delay caused by processing the package, Matthews arranged for the delivery of the package as addressed to the residence of Malone's mother on July 3, 2006.  His mother signed for the package.  Shortly thereafter, law enforcement officers executed a search warrant for the package at the residence.  The addressee on the package, Malone's sister, was at the residence.  She told officers that she knew the package was coming and that it was in her name, but it was not for her.  She further told the officers that someone was supposed to pick up the package from her.  Officers also seized a computer at the residence.

Another warrant was obtained to search Malone's residence, which led to the seizure of another computer and cell phones.  An examination of the items showed that the computers were used to continually check on the delivery status of the package and that Blackburn and Malone talked several times during the period the package was being shipped back and forth, including five times on the date that Blackburn mailed the package to Malone.

The jury flatly rejected Blackburn's testimony that he did not know there were drugs in the package when he shipped it from California.  They further rejected his testimony that the speakers that Malone sent to him were sent back because they did not belong to him.

## II.   ANALYSIS

As noted above, Blackburn asserts three grounds for relief: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) trial error in allowing voir dire wherein a potential juror stated that her nephew was robbed and murdered so the assailant could purchase drugs.

A.      **Ineffective Assistance of Counsel**

Blackburn asserts that Attorney Broome rendered ineffective assistance by failing to: (1) pursue a plea agreement with the United States and in wrongly advising him that he could not plead guilty; (2) move to suppress the drug evidence because it was illegally obtained when Jaworowski initially intercepted the package; (3) argue that the United States failed to prove that he possessed cocaine base resulting in the improper imposition of the statutory minimum sentence in his case; and (4) inform him of the law in relation to the facts so as to permit him to make an informed choice of whether to accept the plea offer.

1.      *The Standard of Review*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Constitution, Amend. VI.  "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  The applicable standard of review in examining claims of ineffective assistance of counsel is well-settled:

> To demonstrate that counsel's assistance was so defective as to require reversal of a conviction, a defendant must show that (1) counsel's errors were so deficient as to render his assistance not reasonably effective, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. 2052.

*Cummings v. United States*, 202 Fed. App'x 374, 377 (11th Cir. 2006).  The Eleventh Circuit Court of Appeals has further stated:

> The petitioner bears the burden of proof on the "performance" prong as well as the "prejudice" prong of a *Strickland* claim, and both prongs must be proved to prevail.  The *Strickland* test is not easily met; as we have said, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th

Cir.1995) (*en banc*) (citation omitted).

To establish ineffective performance, a "petitioner must show that 'counsel's representation fell below an objective standard of reasonableness.' " *Darden v. Wainwright*, 477 U.S. 168, 184, 106 S. Ct. 2464, 2473, 91 L. Ed. 2d 144 (1986) (quoting *Strickland*, 466 U.S. at 668, 104 S. Ct. at 2065). This Circuit reviews a lawyer's conduct under the "performance" prong with considerable deference, giving lawyers the benefit of the doubt for "heat of the battle" tactical decisions. *See Mills v. Singletary*, 161 F.3d 1273, 1285-6 (11th Cir. 1998) (noting that *Strickland* performance review is a "deferential review of all of the circumstances from the perspective of counsel at the time of the alleged errors"); *see also Waters*, 46 F.3d at 1518 ("The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is ... whether what they did was within the 'wide range of reasonable professional assistance.' " (citation omitted)); *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) (stating that "[w]hen reviewing whether an attorney is ineffective, courts should always presume strongly that counsel's performance was reasonable and adequate" (internal quotation marks omitted)).

This Court, sitting *en banc*, recently discussed this inquiry at length in *Chandler*:

The standard for counsel's performance is reasonableness under prevailing professional norms. The purpose of ineffectiveness review is not to grade counsel's performance.... To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled.... The petitioner must establish that particular and identified acts or omissions of counsel were outside the wide range of professionally competent assistance.

Courts must indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment. Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy. Given the strong presumption in favor of competence, the petitioner's burden of persuasion-though the presumption is not insurmountable-is a heavy one.... [B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take....

In reviewing counsel's performance, a court must avoid using the distorting effects of hindsight and must evaluate the reasonableness of counsel's performance from counsel's perspective at the time. [I]t is all too easy for a court, examining

counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

218 F.3d at 1313-1316 (citations and internal quotation marks omitted).

Likewise, the "prejudice" prong is difficult to meet. To establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A finding of prejudice requires proof of " 'unprofessional errors' so egregious 'that the trial was rendered unfair and the verdict rendered suspect.' " *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 2582, 91 L. Ed. 2d 305 (1986)). As we recently explained, "habeas petitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.' '[T]hat the error had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (quoting *Strickland* ).

*Johnson v. Alabama*, 256 F.3d 1156, 1175-77 (11th Cir. 2001).

It is well settled that a court need not address both components of the ineffectiveness inquiry if the defendant makes an insufficient showing on one or the other.

In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697.

**2.    *The Claims***

**a.    *Failure to purse a plea agreement and counsel's wrong advice that he could not plead guilty***

Blackburn contends in his original motion that Mr. Broome was ineffective when counsel told him that he could not "accept responsibility [for his conduct] nor can you plead guilty in the federal system." (Doc. 1 at 5). Blackburn does not provide any further details concerning this

7

statement.  In his amended motion, however, he states Mr. Broome failed to inform him of the relevant law to permit his "to make an informed and conscious choice if to [sic] accept the [p]rosecution's plea offer or to proceed to trial."  (Doc. 8 at 7).  The United States counters that he is entitled to no relief because he can show no prejudice under the circumstances.  (Doc. 7 at 15).

The court need not resolve the factual dispute of whether counsel informed Blackburn of his right to plead guilty because Blackburn received the statutory minimum sentence allowable.  Thus, Blackburn cannot demonstrate that he was prejudiced by Mr. Broome's purported failures.  If Blackburn had pled guilty, his minimum sentence would be 120 moths.  He was not, and is not, eligible for any deviation below the minimum (*e.g.* U.S.S.G. § 5C1.1 (safety valve) consideration)) in view of the fact that he denied under oath at trial any knowledge of drugs being  in the package. Accordingly, Blackburn cannot meet the prejudice prong of the *Strickland* test on this claim.

**b.**     ***Failure to challenge the initial search of the package***

Blackburn next contends that Mr. Broome rendered ineffective assistance by failing to challenge the search of the package containing the drugs.  (Doc. 8 at 6).  Specifically, Blackburn contends that "Jaworowski, of Los Angeles, California, had actually opened the mail package that actually contained the drugs that formed the basis of the criminal proceedings in the underlying case, prior to his mailing the same to Postal Inspector Stephen Matthews."  (Doc. 14 at 7).  The United States responds that Blackburn's characterization of the evidence is incorrect as a matter of fact and not supported by any evidence.  (Doc. 14 at 16).

The only evidence before the court is that Inspector Matthews opened the package in Alabama.  The evidence at trial indicated that Jaworowski observed the package and identified it as being suspicious and probably containing narcotics.  (Supp. Hr. Tr. at 184).  However, nothing in the record supports even an inference that he examined the contents.  Blackburn has offered nothing

to support his conclusory assertions.  Accordingly, the claim is due to be denied for failure to meet either prong of the *Strickland* test.  *See Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th 1985) ("[s]peculation is insufficient to carry the burden of a habeas corpus petitioner").

      **c.**      ***Failure to prepare for trial***

Blackburn also alleges that Mr. Broom rendered ineffective counsel by failing to demonstrate that he possessed the crack form of cocaine base to justify the enhanced, mandatory minimum sentence imposed.  (Doc. 8 at 6).  The United States again responds that Blackburn's characterization of the evidence is incorrect as a matter of fact and wholly lacking in any evidentiary support.  (Doc. 14 at 18).

The evidence at trial demonstrated that the controlled substances removed from the seized package were 50.53 grams of crack cocaine (Gov. Ex. 24), 82.37 grams of cocaine hydrochloride (Gov. Ex. 25), and 12.1 grams of marijuana (Gov. Ex. 26).  (Trial Tr. at 356-58).[4]  The forensic chemist, Dr. Dale Forrester, testified that the waxy-looking material in Government's Exhibit 24 was "crack cocaine."  (*Id*. at 356).  Thus, the competent evidence adduced at trial shows that the relevant drugs were the "crack" form of cocaine base for sentencing purposes.  Blackburn has offered nothing that demonstrates the drugs were anything other than crack.  Blackburn's unsupported protestations to the contrary are insufficient.  Accordingly, this ineffective-assistance claim must fail.

      **d.**      ***Failure to inform Blackburn "of the law in relation to the facts of the Prosecution's case"***

Finally, Blackburn asserts that Mr. Broome's performance was deficient in that he failed to "timely, adequately and reasonably familiarize himself with the facts and law in relation to the prosecution's case – in advance of counsel's advice of prompting [Blackburn] to proceed to trial –

---

[4]References herein to "Trial Tr. ___" are to the trial transcripts found at documents 84, 85 & 89.

counsel completely deprived [Blackburn] of any real or reasonable opportunity to make an informed and conscious choice...." (Doc. 8 at 10-11). He also asserts in conclusory terms that "[b]ut for trial counsel's failures and omissions in [Blackburn's] case, the outcome of the adversarial proceedings would have likely been different." (*Id*. at 11). The United States responds that the claim is "wholly without merit" and is merely an attempt "to deceive the Court." (Doc. 14 at 20).

Blackburn's claim is unsupported by the facts. The trial record confirms the undersigned's specific recollection and demonstrates that at trial Mr. Broome had a command of the applicable law and pertinent facts. He also attempted to assist Blackburn before trial by having a proffer session with the prosecutor and the case agent. Blackburn, however, did not provide any cooperation or information of interest to the prosecution to warrant further plea discussions. (See Doc. 14 at 22 ("Blackburn ... refused to cooperate. His proffer to the Government was untruthful and not forthcoming.")). Accordingly, counsel's performance was not deficient. To the contrary, it appears counsel did everything to advance Blackburn's interests. Additionally, as discussed previously, Blackburn cannot show how he was prejudiced by not pleading guilty or by not having the opportunity to accept a plea agreement that was never offered. In sum, Blackburn cannot meet either prong of the *Strickland* test on this claim, and is entitled to no relief whatsoever.

## B.    Prosecutorial Misconduct

Blackburn next asserts that the prosecutor failed to disclose favorable evidence. Specifically, he contends that the prosecution withheld pictures that would have contradicted the statements made by the postal agents. (Doc. 1 at 5). He also states that the prosecution stated at some unspecified time that he was on a drug list, and then later stated that it was not the defendant on the list. (*Id*.) Next, Blackburn states that the prosecution told him that he could not plead guilty. (*Id*.) Finally,

he states that statements he made during the *Kastigar*[5] proffer were improperly introduced at his trial. (*Id.*)  The United States responds that the claims are not only procedurally barred, they are also without merit.  (Doc. 7 at 19-22).

        **1.**     ***Procedural bar***

      The United States first contends that Blackburn is procedurally barred from presenting these claims because he did not pursue them on direct appeal.  (Doc. 7 at 21 (citing *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004))).  Blackburn does not dispute that he failed to raise these claims on direct appeal.  To overcome this procedural bar, Blackburn must establish cause for the default *and* actual prejudice resulting from the default.  *See Mills v. United States*, 36 F.3d 1052 (11th Cir. 1994) (*per curiam*).  In *Mills*, the Eleventh Circuit specifically held:

> [A]n available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding. A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development.  When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.

36 F.3d at 1055 (citation and explanatory parentheticals omitted).

      Ineffective assistance of counsel may constitute cause to excuse procedural default.  *See Eagle v. Linahan*, 279 F.3d 926, 937 (11th Cir. 2001).  And as to actual prejudice, Blackburn "shoulder[s] the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).  Importantly, in an "extraordinary" case, a federal court may consider a procedurally defaulted claim in the absence of a showing of cause for the procedural default where

---

[5]*Kastigar v. United States*, 406 U.S. 441, 92 S. Ct. 1653 (1972).

a fundamental miscarriage of justice has "'probably resulted in the conviction of one who is actually innocent.'" *Smith v. Murray*, 477 U.S. 527, 537 (1986) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).   In this context, "'[a]ctual innocence' means factual innocence, not mere legal innocence." *Lynn*, 365 F.3d at 1235 n.18 (citation omitted).   "To establish actual innocence, [Blackburn] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations marks and citation omitted).

Blackburn has not alleged, much less demonstrated, any cause for failing to raise these claims on direct appeal.   Additionally, he has failed, as noted below, to demonstrate actual prejudice as to any of these claims.   As such, these claims are procedurally defaulted from further review. Moreover, even if they were not barred from review, for the reasons stated below they are without merit.

### 2.      *Withholding pictures*

The first challenge in this claim is that the "prosecution withheld pictures that would [have] contradicted the statements made by agents." (Doc. 1 at 5).  That is the total sum of the claim. Blackburn offers nothing more.  Further, he does not identify the photographs or their relevance to any disputed evidence.  He has shown no prejudice warranting relief, and such a conclusory claim is due to be denied.

### 3.      *Drug list*

The second challenge is that the "prosecution stated that defendant was on a drug list and later stated that it wasn't the defendant." (*Id.*).  Again, this is the whole sum of the claim. Blackburn offers nothing more.  He does not explain who made the statement, the significance of such a statement, and how he suffered any prejudice as a result of the statement.  Accordingly, there is no

12

showing of prejudice and this conclusory claim is due to be denied.

### 4.      *Statement that he could not plead guilty*

The third challenge is that the "prosecution told defendant that he couldn't plea[d] guilty to the court." (*Id.*)  No supporting facts or argument are advanced regarding this claim.  Such an unsupported assertion is insufficient to entitle him to relief.  Additionally, as discussed above, Blackburn has failed to show any prejudice as a result of this purported comment.  Accordingly, this claim is due to be dismissed.

### 5.      *Use of statements*

Lastly, Blackburn asserts that statements from his *Kastigar* meeting were improperly used at trial.  Blackburn offers nothing more in support of this contention.  It is evident from a review of the record that Blackburn did participate in a proffer session arranged by Mr. Broome in an effort to mitigate his situation.  (See Trial Tr. 607-11; Doc. 14 at 22).  Under *Kastigar*, the United States is generally prevented from using the contents of the testimony in a criminal prosecution of the individual.  However, *Kastigar* does not preclude the use of the information for impeachment or rebuttal where a defendant testifies inconsistent with his proffer.  *See United States v. Hill*, 643 F.3d 807, 876 (11th Cir. 2011) (noting that the *Kastigar* agreement included a provision allowing use of proffered statements for impeachment or in rebuttal at trial).  Accordingly, the use of the statements at trial was not inappropriate.

### C.      **Voir Dire**

Finally, Blackburn asserts that the "[f]ailure of the court to dismiss [the] entire panel or conduct further voir dire to ascertain [the] impact of [a] juror's statements was reversible error." (Doc. 1 at 5).  In support of this claim, Blackburn states that "[p]otential Juror Kate Tolbert stated that her nephew was robbed and murdered [so that the assailant] could purchase drugs" and,

thereafter, the court did nothing.  (*Id*.)  The United States responds that the claim is procedurally barred from review because it  should have been raised on appeal, but was not.  (Doc. 7 at 26).  The United States further asserts that, even if the claim is reviewed on the merits, Blackburn cannot show that he was prejudiced by the statement.  (*Id*.)

During voir dire, in response to a question about whether the jurors could be fair in view of an event in the past, Juror Tolbert stated, "My nephew was murdered two years ago in Fulton County, supposedly robbed and murdered, and they were robbing him to get money to buy drugs." (Trial Tr. at 31).  There was no further discussion of the matter before the other jurors.  The issue was not raised on appeal.

The decision whether to strike an entire jury panel is committed to the discretion of the trial court.  *United States v. Trujillo*, 146 F.3d 838, 842-43 (11th Cir. 1998).  The Eleventh Circuit has stated, "The party challenging the refusal to strike a panel 'must demonstrate that the juror in question exhibited actual bias: That is, either an express admission of bias, or proof of specific facts showing such a close connection to the circumstances of the case that bias must be presumed.' *United States v. Khoury*, 901 F.2d 948, 955 (11th Cir. 1990) (internal quotations and citations omitted)."  Because the issue was not raised on appeal, it is procedurally barred from review.  Moreover, even if the matter is reviewed on the merits, Blackburn is entitled to no relief.  In the present instance, there was no request to strike the entire panel.  Accordingly, there was no error.  And, even if there had been such a motion, Blackburn has failed to show any prejudice as a result of the isolated statement by Juror Tolbert.  He is entitled to no relief on the merits.

## III.   CONCLUSION

For the foregoing reasons, Blackburn's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) is due to be denied.  An appropriate order will be entered.

14

**DONE** and **ORDERED** this ____30th____ day of May, 2012.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

15